UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DWAYNE BASEY, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:01CV1576(JCH) |
| | : | |
| vs. | : | |
| | : | |
| CITY OF HARTFORD, ALFRED HENDERSON, | : | |
| CHRISTOPHER LYONS, ANTHONY | : | |
| BATTISTONE, ALFRED FERNINO; and | : | |
| JANE DOE, | : | |
| Defendants. | : | NOVEMBER 22, 2004 |

## REVISED COMPLAINT

This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, federal law under 42 U.S.C. § 1983, and Connecticut law for damages and other appropriate relief stemming from a violation of the Plaintiff's federal civil rights by the Defendants whose actions were taken under the color of state law.

**A. PARTIES**

1.     At all relevant times, Plaintiff Dwayne Basey ("Plaintiff") was, and still is, an adult citizen of the United States.

2.     Defendant City of Hartford is a political subdivision of the State of Connecticut. The City of Hartford is responsible for the training and supervision of police officers employed by the Hartford Police Department, including the individual defendants herein. The City of Hartford is responsible for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the Hartford Police Department regarding arrests and the use of force.

3. At all relevant times, Defendant Alfred Henderson was a resident of the State of Connecticut and was a duly appointed police officer in the Hartford Police Department authorized to enforce the laws of the State of Connecticut, and was so acting under the color of state law in his official capacity.

4. At all relevant times, Defendant Christopher Lyons was a resident of the State of Connecticut and was a duly appointed police officer in the Hartford Police Department authorized to enforce the laws of the State of Connecticut, and was so acting under the color of state law in his official capacity.

5. At all relevant times, Defendant Anthony Battistone was a resident of the State of Connecticut and was a duly appointed police officer in the Hartford Police Department authorized to enforce the laws of the State of Connecticut, and was so acting under the color of state law in his official capacity.

6. At all relevant times, Defendant Alfred Fernino was a resident of the State of Connecticut and was a duly appointed police officer in the Hartford Police Department authorized to enforce the laws of the State of Connecticut, and was so acting under the color of state law in his official capacity.

7. On information and belief, defendant Jane Doe, a female officer was a resident of the State of Connecticut and was a duly appointed police officer in the Hartford Police Department authorized to enforce the laws of the State of Connecticut, and was so acting under the color of state law in her official capacity.

**B.  JURISDICTION AND VENUE**

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4).

9.Venue is appropriate in the District of Connecticut under 28 U.S.C. § 1391(b) because all of the acts and omissions complained of occurred in the District of Connecticut and Defendants can be found within this District.

### C.FACTUAL ALLEGATIONS

10.On May 18, 2001, the Plaintiff was sitting on a wooden bench near the corner of Hungerford Street and Park Street in Hartford, Connecticut when he observed an unmarked police vehicle approach him. Two plain-clothes police officers, Defendants Battistone and Lyons exited the unmarked police vehicle and approached the Plaintiff.

11.Defendants Battistone and Lyons neither announced themselves as police officers nor displayed a police badge at this time.

12.The Plaintiff stood and began to walk away from the two police officers.

13.At this time, the police officers quickened their pace towards the Plaintiff and, acting out of fear, the Plaintiff ran away in a westerly direction on Park Street towards Lawrence Street. Approximately two blocks away, the Plaintiff then turned onto Lawrence Street, at which time he observed a blue van approaching him from the side.

14.Defendant Alfred Henderson, a detective in the Hartford Police Department, exited the van and began running towards the Plaintiff shouting at the Plaintiff to get on the ground.

15.Defendant Henderson neither announced himself as a police officer nor displayed a police badge at this time.

16.Defendant Henderson then reached for the Plaintiff grabbing the Plaintiff from behind by the hood of the Plaintiff's sweatshirt causing the Plaintiff to spin around so that the Plaintiff and Defendant Henderson were facing each other. Defendant Henderson punched the

3

Plaintiff in the stomach with his fist and struck the right side of the Plaintiff's jaw with his forearm, shoulder tackling the Plaintiff to the ground.

17.     Defendant Henderson immediately subdued the Plaintiff and handcuffed him, leaving the Plaintiff laying facedown on the ground.  Plaintiff did not speak or struggle with Detective Henderson.

18.     Defendant Henderson then turned the Plaintiff onto his back and conducted a search of the Plaintiff.  During the search, Defendant Henderson removed a cell phone from the Plaintiff's person before turning the Plaintiff over so that he was again laying facedown on the ground.

19.     Following the search, Defendant Henderson stepped approximately five or six feet away from the Plaintiff and began inspecting the Plaintiff's cell phone.  Defendant Henderson then threw the Plaintiff's cell phone against a wall shattering the cell phone into many pieces.

20.     Without warning or provocation, Defendant Henderson then ran towards the Plaintiff, who was laying in a vulnerable position with his hands handcuffed and his head tilted to the side, and kicked him in the face.  The impact from the kick broke the Plaintiff's nose and caused the Plaintiff's nose to bleed profusely.  Plaintiff instantly experienced extreme pain and nausea.

21.     This incident followed a number of past encounters between Plaintiff and Defendant Henderson including one on May 3, 2001 in which Defendant Henderson has claimed that the Plaintiff threw a bicycle in Defendant Henderson's way as he attempted to apprehend another suspect.

22.     Instead of providing timely medical attention, defendants forced Plaintiff to remain at the scene of the incident for more than one half hour without any proper treatment. While waiting at the scene, Sergeant Lyons placed a hat over the Plaintiff's face in order to hide the Plaintiff's injuries and keep him quiet.

23.     Defendant Jane Doe, and officers Fernino, Lyons, and Battistone observed Henderson's unlawful assault and battery upon the Plaintiff and failed to intervene to stop the use of excessive force. They also failed to provide proper and timely medical treatment for the injuries inflicted on Plaintiff by Defendant Henderson's assault and battery.

24.     More than one-half hour after Defendant Henderson's assault, a police cruiser arrived and took the Plaintiff to the police station. At the police station, Police Officer Champion informed Sergeant Lyons that the Plaintiff needed medical treatment because the Plaintiff was nauseous and having trouble breathing.

25.     Initially, Sergeant Lyons refused to send the Plaintiff to the hospital and told the Plaintiff that he would have to post five million dollars ($5,000,000) in bond. Plaintiff eventually was taken to Hartford Hospital for medical treatment a significant time after the incident occurred.

26.     By the time the Plaintiff was taken to the hospital, a substantial amount of blood had dried on the Plaintiff's face. The Plaintiff was treated for a broken nose and swelling and discoloration to his right eye, cleaned up and given medication for the intense pain.

27.     Subsequently, the Plaintiff was transported back to the police station.

28.     At no time was the Plaintiff read his Miranda rights.

## COUNT I – 42 U.S.C. § 1983
### (Excessive Force – Against Defendant Henderson)

29.     Paragraphs 1-28 are hereby incorporated by reference and realleged as though fully set forth herein.

30.     At all relevant times, the actions of Defendant Henderson, including his use of excessive and unreasonable force in detaining the Plaintiff, were made under the color of state law by Defendant Henderson within the scope of his employment as a Detective with the Hartford Police Department and, thus, violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

31.     As a direct and proximate result of Defendant Henderson's intentional and unlawful actions, the Plaintiff sustained severe physical injury and pain and suffering.

## COUNT II – Assault and Battery
### (Against Defendant Henderson)

32.     Paragraphs 1-31 are hereby incorporated by reference and realleged as though fully set forth herein.

33.     Defendant Henderson intentionally, unlawfully and without justification committed assault and battery against the Plaintiff.

34.     Defendant Henderson intentionally, unlawfully, and unreasonably under the circumstances, touched and beat the Plaintiff.

35.     Defendant Henderson intended to commit such action.

36.     The Plaintiff did not consent to this unlawful touching.

37.     As a direct and proximate result of the assault and battery by Defendant Henderson, the Plaintiff has suffered physical injury and serious pain and suffering.

### COUNT III – 42 U.S.C. § 1983
### (Intentional Indifference - Against Defendants Lyons, Fernino, Battistone and Jane Doe)

38. Paragraphs 1-37 are hereby incorporated by reference and realleged as though fully set forth herein.

39. Defendants Lyons, Fernino, Battistone and Jane Doe owed plaintiff a duty to intercede to prevent Henderson's use of excessive force and to provide timely medical treatment for plaintiff's injuries. Instead of intervening, defendants watched as the assault took place, thereby condoning and encouraging the bad conduct.

40. Defendant knew, or should have known, that Henderson's assault of plaintiff was excessive and unlawful. Said assault and lack of medical treatment could have been prevented had defendants intervened.

41. As a result of defendants' conduct, plaintiff has suffered physical injury and serious pain and suffering.

### COUNT IV – 42 U.S.C. § 1983
### (Municipal Liability – Against Defendant City of Hartford)

42. Paragraphs 1-41 are hereby incorporated by reference and realleged as though fully set forth herein.

43. Upon information and belief, at all relevant times, the violation of the Plaintiff's constitutional rights was caused by the implementation of customs, policies and official acts of the Defendant City of Hartford, which reflected deliberate indifference on the part of the Defendant City of Hartford to the constitutional rights of the Plaintiff, including:

(a) deliberately choosing a training program which is so grossly inadequate that police officers' misconduct inevitably occurs causing repeated violations of the constitutional rights of the public with whom the police come into contact;

(b) neglecting to provide proper training despite knowledge of repeated violations of the constitutional rights of arrestees thereby tacitly authorizing, encouraging and fostering the unconstitutional conduct;

(c) failing to take remedial steps to train, discipline and/or terminate defendant Henderson for exhibited problems with anger management and prior physical encounters with suspects thereby manifesting deliberate indifference to his offensive acts and to the constitutional rights of the public, including the Plaintiff; and

(d) perpetrating such other customs, policies or official acts which will be learned and proved through discovery.

44. Defendant City of Hartford through its agents, servants and employees manifested deliberate indifference to the rights of the Plaintiff by failing to take corrective action against constitutionally violative conduct by Hartford Police Officers, of which they were aware, including Defendant Henderson.

45. As a direct and proximate result of the unconstitutional acts of the Defendants, the Plaintiff has suffered serious personal injuries, pain and suffering, and damages.

**COUNT V – Intentional Infliction of Emotional Distress (Against All Defendants)**

46. Paragraphs 1-45 are hereby incorporated by reference and realleged as though fully set forth herein.

47. Defendants, by their actions as aforesaid, intended to inflict upon the Plaintiff severe emotional distress.

48. Defendants knew or should have known that the Plaintiff would suffer severe emotional distress as the likely result of their actions.

49. Defendants' actions with respect to the Plaintiff were extreme and outrageous.

50. As a direct and proximate result of Defendants' actions, the Plaintiff has suffered, and will continue to suffer in the future, extreme mental anguish, nervousness, deprivation of sleep, anxiety and severe emotional distress.

### COUNT VI – Negligent Infliction of Emotional Distress (Against All Defendants)

51. Paragraphs 1-50 are hereby incorporated by reference and realleged as though fully set forth herein.

52. Defendants, by their actions as aforesaid, negligently inflicted upon the Plaintiff severe emotional distress.

53. Defendants' conduct was such that they should have realized that it involved an unreasonable risk of causing emotional distress to the plaintiff and that said distress, if it were caused, might result in illness or bodily injury.

54. As a direct and proximate result of Defendants', the Plaintiff has suffered, and will continue to suffer in the future, extreme mental anguish, nervousness, deprivation of sleep, anxiety, severe emotional distress and illness or bodily injury.

WHEREFORE, Plaintiff claims the following relief:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Costs plus attorney's fees; and

(d)    Such other relief as the Court deems appropriate and just.

    THE PLAINTIFF
    DWAYNE BASEY

    BY_____
    David A. Slossberg CT13116
    T. Scott Cowperthwait (pro hac vice)
    Hurwitz, Sagarin & Slossberg, LLC
    147 N. Broad Street
    P.O. Box 112
    Milford, CT  06460-0112
    Tel:  (203) 877-8000
    Fax:  (203) 878-9800

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was mailed, first class mail, on November 22, 2004 to:

Brian P. Leaming, Esquire
U.S. Attorney's Office-Hartford
450 Main Street, Room 328
Hartford, CT  06103

Eric P. Daigle, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

James J. Szerejko, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

                                              David A. Slossberg