UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWAYNE BASEY,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:01CV1576(JCH) |
| vs. | |
| CITY OF HARTFORD, ALFRED<br>HENDERSON, CHRISTOPHER LYONS,<br>ANTHONY BATTISTONE, ALFRED<br>FERNINO, and JANE DOE,<br>    Defendants. | JANUARY 25, 2005 |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES AND FOR REISSUANCE OF SUMMONSES**

Plaintiff in the above-captioned matter hereby moves for an enlargement of time of forty-five (45) days up to and including March 10, 2005, to serve defendants in their individual capacities and for reissuance of the summonses attached hereto as Exhibit A. In support hereof, plaintiff represents as follows:

1.    Plaintiff commenced the present action on August 20, 2001, when he was incarcerated. Plaintiff's Complaint (doc. #2) named as defendants, among others, the City of Hartford and Sergeant Christopher Lyons in their official and individual capacities.

2.    On May 30, 2002, plaintiff filed an Amended Complaint (doc. #34) seeking to add, among others, defendants Detective Alfred Henderson, Detective Anthony Battistone, and Detective Fernino in their official and individual capacities.

3.    On February 4, 2003, this Court ordered the U.S. Marshal to serve the Amended Complaint on defendants Sergeant Christopher Lyons, Detective Anthony

Battistone, Detective Alfred Henderson, and Detective Fernino in their individual capacities on or before February 24, 2003, and to file the returns of service with the Court on or before March 7, 2003 (doc. #43). The summonses were returned to the court unexecuted.

4. The undersigned counsel was appointed by this Court to represent plaintiff and filed an appearance on September 7, 2004 (doc. # 70).

5. On November 22, 2004, plaintiff filed a Revised Complaint (doc. #76) identifying the defendants in this action as the City of Hartford, Detective Alfred Henderson, Sergeant Christopher Lyons, Detective Anthony Battistone, and Detective Alfred Fernino.

6. On November 22, 2004, summonses were reissued. Plaintiff made an effort to personally serve defendants Battistone, Lyons, Henderson and Fernino in hand at the Hartford Police Department, but was unable to locate said defendants. Plaintiff later learned that defendants Battistone, Lyons, and Fernino are no longer employed by the Hartford Police Department, and that defendant Henderson was on a leave of absence. Therefore, the summonses, which were left with the Town Clerk and Cadet Daniels at the Hartford Police Department, were returned unexecuted as to the above-named defendants in their individual capacity. The defendants have all been served in their official capacities.

7. Plaintiff, after hiring a private investigator, has since located personal addresses for defendants Henderson, Battistone, Lyons and Fernino, although the 120 day period for service has passed.

8. On January 11, 2005, defendants filed a Motion to Dismiss (doc. #79) the claims against defendants Lyons, Battistone, Henderson, and Fernino in their individual capacities because they were not served within the 120 day period of Fed. R. Civ. P. 4(m).

9. Where, as here, the 120 day period for service has passed, the District Court must determine whether there exists "good cause" for plaintiff's failure to execute proper service." See Fed. R. Civ. P. 4(m). If "good cause" is present, the District Court shall extend time for service. Id.

10. Here, "good cause" exists for granting plaintiff an enlargement of time to serve the defendants in their individual capacities beyond the 120 day limitation of Fed. R. Civ. P. 4(m). Plaintiff was incarcerated when this action was filed, and has remained incarcerated during all but a brief period. Before the undersigned counsel appeared for plaintiff on September 7, 2004, plaintiff relied on the U.S. Marshal service to effect service of process, which was ineffectual. See Sadler v. Rowland, 2004 WL 2061518, *8 (D. Conn. 2004) (Droney, J.) ("Because an inmate must rely on the court and the United States Marshal Service to effect service of the complaint, any delay attributed to the court or the Marshal Service "automatically constitutes 'good cause' preventing dismissal under Rule 4(m)") (Exhibit B). Moreover, since being appointed, the undersigned counsel has made a diligent effort to locate, and has located, personal addresses for the above-named defendants and believes that such defendants can be served in their individual capacities should this Court grant plaintiff an extension.

11. Even if "good cause" does not exist, which is not the case here, this court may still direct that service be effected within a specified time beyond the 120 day

period. See Fed. R. Civ. P. 4(m). In determining whether to grant such an extension, the court "must be mindful that dismissal is not favored [where, as here,] there is a reasonable prospect that service may yet be obtained." Romandetter v. Weetabix Company, Inc., 807 F.2d 309, 311 (2d. Cir. 1986). Moreover, the court should consider, inter alia, whether the statute of limitations would bar a refiled action, and whether the defendant had actual notice of the claims asserted in the complaint. Johnson v. Southern Connecticut State Univ., 2004 WL 2377225, *6 (D. Conn. 2004) (Droney, J.) (Exhibit C). Here, if the court denies plaintiff the requested extension, the statute of limitations may bar him from refiling the action against the defendants in their individual capacities. Also, defendants arguably have notice of the claims asserted in the complaint because they have all been served in their official capacities.

12.   This is plaintiff's first request for an enlargement of time to serve defendants in their individual capacities.

13.   Defendant's counsel, Eric P. Daigle, objects to the granting of this motion.

WHEREFORE, plaintiff respectfully requests that this Court:

(1)   Reissue the summonses attached hereto as Exhibit A; and

(2)   Grant an enlargement of time of forty-five (45) days up to and including March 10, 2005, to serve defendants in their individual capacities;

4

THE PLAINTIFF
DWAYNE BASEY

BY _____
David A. Slossberg CT13116
Hurwitz, Sagarin & Slossberg, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT 06460-0112
Tel: (203) 877-8000
Fax: (203) 878-9800

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was mailed, first class mail, on January 25, 2005 to:

Brian P. Leaming, Esq.
U.S. Attorney's Office-Hartford
450 Main Street, Room 328
Hartford, CT 06103

Eric P. Daigle, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

James J. Szerejko, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                              _/s/ David A. Slossberg_
                                              DAVID A. SLOSSBERG