UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWAYNE BASEY,<br>      Plaintiff, | CIVIL ACTION NO.<br>3:01CV1576(JCH) |
| vs. | |
| CITY OF HARTFORD, ALFRED HENDERSON,<br>CHRISTOPHER LYONS, ANTHONY<br>BATTISTONE, ALFRED FERNINO; and<br>JANE DOE,<br>      Defendants. | September 9, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Pursuant to Local Federal Rule of Civil Procedure Rule 37(a)3, Plaintiff submits this memorandum of law in support of its motion to compel Defendants City of Hartford, Alfred Henderson, Christopher Lyons, Anthony Battistone, and Alfred Fernino (Henderson, Lyons, Battistone and Fernino are collectively referred to as "Officer Defendants") to answer Plaintiff's interrogatories and production requests addressed in this memorandum. Plaintiff's motion should be granted because Defendants' boilerplate objections[1] should not preclude the production of information that is obviously relevant and reasonably calculated to lead to the discovery of admissible evidence.

### I. BACKGROUND

This case involves claims of excessive force and intentional indifference against the named Defendant police officers arising from an incident on May 18, 2001. On that date, Plaintiff was sitting on a wooden bench when he observed an unmarked police vehicle approach him. As detailed in Plaintiff's complaint, plain-clothes police officers who failed to announce

---

[1] Defendant Alfred Fernino has failed to answer Plaintiff's interrogatories and production requests.

themselves as police officers or display a police badge began to chase Plaintiff. Plaintiff, acting out of fear, began to run away. Defendant Alfred Henderson, one of the officers, grabbed and began assaulting Plaintiff.

After handcuffing Plaintiff, Defendant Henderson removed a cell phone from the Plaintiff's person and proceeded to throw it against a wall shattering the cell phone into many pieces. Without warning or provocation, Defendant Henderson then ran towards the Plaintiff, who was in a vulnerable position with his hands handcuffed and his head tilted to the side, and kicked him in the face, breaking his nose. Defendants Lyons, Battistone, Fernino and Doe, the other officers, witnessed the assault by Henderson and failed to intervene. All of the officers also failed to provide Plaintiff with proper medical treatment. This incident followed a number of altercations between Plaintiff and Henderson, which may have included the other officers.

## II. ARGUMENT

### A. Defendants' Boilerplate Objections Should Not Preclude the Discovery of Clearly Relevant Information

This court should not permit Defendants to evade the production of critical information by invoking boilerplate objections. In fact, Defendants objected to each of Plaintiff's requests addressed in this memorandum by merely stating the same boilerplate language that each request was overly broad, unduly burdensome, not reasonably limited, and not reasonably calculated to lead to the discovery of admissible evidence.

This court has held that such boilerplate statements do not constitute a proper objection. Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D.Conn. 2004) ("to assert a proper objection . . . one must do more then 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.'") (citation omitted). In Culkin, the court mandated that an objecting party bears the burden of specifically demonstrating how each request is not

relevant or oppressive despite the broad and liberal construction afforded the federal discovery rules. Id.

After Plaintiff waited over four months for Defendants to respond to its requests, Defendants merely issued boilerplate objections in order to avoid providing proper responses. The court should not permit Defendants to evade its obligation to produce information clearly within the broad scope of permissible discovery by issuing boilerplate objections.

### B. **Plaintiff's Requested Information That is Clearly Within the Broad Scope of Permissible Discovery**

Officer Defendants' personnel files, discipline records and complaints filed involving similar incidents, and information regarding their encounters with Plaintiff are not only relevant but critical to Plaintiff's ability to substantiate his claims in this case. Therefore, it is essential that this information be produced.[2]

#### i. **Personnel Files of the Officer Defendants**

Plaintiff served the following document requests concerning the personnel files of the Officer Defendants:

**As to Defendant City of Hartford**

- A copy of the Hartford Police Department's complete personnel file for defendants Henderson, Battistone, Lyons and Fernino.

**As to the Officer Defendants**

- A copy of your complete personnel file with the Hartford Police Department.

A plaintiff is entitled to personnel files when they are relevant to a claim made in the plaintiff's complaint. See e.g., Ruran v. Beth El Temple of West Hartford, 226 F.R.D. 165

---

[2] It should be noted that Defendants raise no issue regarding the confidentiality of the personnel files, and merely rest on their boilerplate objections.

3

(D.Conn. 2005); see also Culkin v. Pitney Bowes Inc., 225 F.R.D. 69 (D.Conn. 2004). The Officer Defendants' personnel files are relevant in the following ways:

- Documentation regarding the underlying incident and other similar incidents along with background information such as evaluations and assessments contained in the personnel files would substantiate Plaintiff's claims of excessive force and intentional indifference against the Officer Defendants.

- The evaluations and assessments, along with a myriad of other potentially damaging information contained in the personnel file, are relevant to Plaintiff's claim that Detective Henderson had anger management issues.

- The overall contents of the personnel files will substantiate Plaintiff's claim that Defendant City of Hartford failed to remedy Officer Defendants' improper behavior prior to the underlying incident.

Thus, it is imperative for Plaintiff to obtain the Officer Defendants' personnel files in order for him to substantiate the claims made in his complaint. There is no better source of information regarding the conduct, temperament and motive of the Officer Defendants than the documentation which is contained in these files. For these reasons, the Plaintiff respectfully requests that the Court order the personnel files be produced.

### ii. Discipline Records and Complaints Filed Against the Officer Defendants

Plaintiff served the following interrogatories and document requests concerning the discipline records of the Officer Defendants:

**As to Defendant City of Hartford**

- Please identify any complaints that have been filed against defendants Henderson, Lyons, Battistone, and/or Fernino with any governmental agency regarding their use of excessive force and/or their failure to provide timely medical assistance to persons in police custody. For each such complaint, please identify (A) the date of such complaint; (B) the name of the complainant(s); (C) a brief description of the complaint; and (D) the disposition of the complaint. If any such complaint resulted in legal action, please identify (A) the forum; (B) the docket number; (C) whether an action is still pending; and (D) if an action is no longer pending, the date of any disposition and/or settlement and a brief description thereof.

4

- Please identify whether defendants Henderson, Lyons, Battistone and/or Fernino have ever been reprimanded and/or sanctioned by the Hartford Police Department for their use of excessive force in apprehending and/or arresting persons, or for their failure to provide timely medical assistance to persons injured in their custody.

- All documents related to any complaints filed against defendants Henderson, Lyons, Battistone, and/or Fernino that you identified in response to Interrogatory Number 6.

**As to the Officer Defendants**

- Please identify any complaints that have been filed against you with any governmental agency regarding your use of excessive force and/or your failure to provide timely medical assistance to persons in police custody. For each such complaint, please identify (A) the date of such complaint; (B) the name of the complainant(s); (C) a brief description of the complaint; and (D) the disposition of the complaint. If any such complaint resulted in legal action, please identify (A) the forum; (B) the docket number; (C) whether an action is still pending; and (D) if an action is no longer pending, the date of any disposition and/or settlement and a brief description thereof.

- All documents related to any complaints filed against you that you identified in response to Interrogatory Number 5.

**As to Defendant Lyon**

- Please identify whether you have ever been reprimanded and/or sanctioned by the Hartford Police Department for your use of excessive force in apprehending and/or arresting persons, or for your failure to provide timely medical assistance to persons injured in police custody.

Any complaints filed or discipline rendered against the Officer Defendants for excessive force or the failure to provide proper medical treatment are clearly relevant to a number of issues in this case. First, such discipline and complaints would establish a pattern of improper behavior. In addition, the discipline and complaints will also substantiate Plaintiff's claim that Defendant Henderson exhibited problems with anger management. Finally, the discipline and complaints establish municipal liability against Defendant City of Hartford as it would relate to

5

the city being on notice of the Officer Defendants' improper conduct and unsuitable temperament for law enforcement.

Furthermore, Defendants' boilerplate objection that these requests are not "reasonably limited" is particularly inappropriate given that Plaintiff limited such requests to offenses regarding excessive force and the failure to provide proper medical assistance. For these reasons, the Plaintiff respectfully requests that the Court order the Defendants to provide complete answers to Plaintiff's requests regarding the discipline records and complaints filed against the Officer Defendants, and to produce all such documents.

### iii. Encounters Between Plaintiff and Officer Defendants

Plaintiff served the following interrogatories and document request concerning his encounters with the Officer Defendants:

#### As to Defendant City of Hartford

- Please identify all encounters between the Hartford Police Department and plaintiff within 10 years previous to May 18, 2001, including but not limited to communications, investigations, and/or arrests. For each such encounter, please identify (A) the date thereof; (B) the location thereof; (C) a description of the nature and extent of such encounter; and (D) whether plaintiff was apprehended, arrested, and/or charged with a crime during and/or immediately following such encounter.

- All documents which refer or relate to plaintiff's arrest by the Hartford Police Department on May 18, 2001, including but not limited to police report(s), incident report(s), statements of plaintiff, and/or recordings and/or transcripts of any communications between plaintiff and members of the Hartford Police Department.

#### As to the Officer Defendants

- Please identify and describe any encounters that you have had with plaintiff, including but not limited to communications and/or arrests, regardless of whether you were acting in your official or individual capacity. For each such encounter, please identify (A) the date thereof; (B) the location thereof; (C) a description of the nature and extent of such encounter; and (D) whether

plaintiff was apprehended, arrested, and/or charged with a crime during and/or immediately following such encounter.

The motive and intent of the Officer Defendants in engaging in the alleged improper conduct is a critical issue in this case. Plaintiff alleges that the incident followed a number of past encounters between Plaintiff and Defendant Henderson, which involved confrontations between Plaintiff and Henderson. Thus, information regarding these past encounters is clearly relevant as to Henderson's motive in using excessive force against Plaintiff. Similarly, past encounters between Plaintiff and the other officers may explain why, as Plaintiff alleges, these officers failed to intervene or provide proper medical assistance to Plaintiff. For these reasons, Plaintiff respectfully requests that the Court order the Defendants to provide complete answers to Plaintiff's requests regarding the Officer Defendants' encounters with Plaintiff.

### III. CONCLUSION

WHEREFORE, in view of the foregoing, Plaintiff respectfully requests that the Court issue an order compelling the Defendants to provide answers and responsive documents to the interrogatories and production requests addressed above within one week of the date of the Court's order.

THE PLAINTIFF
DWAYNE BASEY

BY: *David Slossberg* (signature)
David A. Slossberg CT13116
Hurwitz, Sagarin & Slossberg, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT 06460-0112
Tel: (203) 877-8000
Fax: (203) 878-9800

## Certificate of Service

This is to certify that a copy of the foregoing was served by regular mail, first class postage prepaid on this 9th day of September, 2005, to:

Eric P. Daigle, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

David A. Slossberg