UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DWAYNE BASEY                              :        CIVIL ACTION NO.:
                        Plaintiff,       :        3:01CV1576 (JCH)
V.                                        :
                                          :
CITY OF HARTFORD,                         :
ALFRED HENDERSON,                         :
CHRISTOPHER LYONS, ANTHONY                :
BATTISTONE, ALFRED FERNINO and            :
JANE DOE,                                 :
                        Defendants.       :        SEPTEMBER 23, 2005

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL

On September 13, 2005, the plaintiff filed a Motion to Compel, pertaining to

certain discovery requests made by the plaintiff.  The undersigned defendants hereby

submit this Objection.

The Plaintiff believes that solely because he has filed an action against the

undersigned officers alleging false accusations, he has the right to obtain the complete

personnel, disciplinary, and litigation files of the defendant officers. The defendants,

three of whom are retired, had extensive twenty plus years of service with the Hartford

Police Department.  In particular, the plaintiff is requesting copies of the entire

personnel files for the involved officers, as well as any and all information regarding any

complaints filed against the defendant officers, information on whether defendant Lyons

has had any sanctions or reprimands by the Hartford Police Department, and detailed

information regarding all encounters between the defendant officers and the Hartford

05645.0607
HALLORAN
& SAGE LLP

Police Department and the plaintiff for the past ten years.  It is the defendants' position

that the plaintiff's requests are overly broad, clearly immaterial, and that the requested

information is confidential and irrelevant to the action at hand.  Moreover, for the

protection of the defendants' rights, if the Court does find that some of the information

should be released to the plaintiff, the Court should conduct an in-camera review of the

documents, to be sure that only clearly material and relevant information is released to

the plaintiff, and that the defendant officers' privacy is protected.

**A.      The Plaintiff Has Failed to Set Forth Sufficient Grounds for Production of the Defendant Officers' Personnel and Disciplinary Files**

Rule 34 of the Federal Rules of Civil Procedure permits any party to serve upon

any other party a request "to produce . . . to inspect and copy, any designated

documents . . . or to inspect and copy, test, or sample any tangible things which

constitute or contain matters within the scope of Rule 26(b) and which are in the

possession, custody or control of the party upon whom the request is served[.]"  Rule

26(b) provides in pertinent part that:

> The parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any
> party, including the existence, description, nature, custody,
> condition and location of any books, documents or other
> tangible things, and the identity and location of persons
> having knowledge of any discoverable matter.  For good
> cause, the court may order discovery of any matter relevant
> to the subject matter involved in the action.  Relevant
> information need not be admissible at the trial if the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Halloran
& Sage LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery appears reasonably calculated to lead to the
discovery of admissible evidence.

The undersigned defendants object to any portion of the defendant officers'

personnel and disciplinary files being released.  Pursuant to Connecticut General

Statutes Section 1-210(b), "nothing in the Freedom of Information Act shall be

construed to require disclosure of . . . personnel or medical files and similar files, the

disclosure of which constitute an invasion of personal property . . . ."  While this is a

discovery dispute and not a request for information under the Freedom of Information

Act, public policy considerations are parallel.  See State v. Januszewski,182 Conn. 142,

170-73, 438 A.2d 679 (1980), cert. denied by 453 U.S. 922 (1981).  The undersigned

defendants object to any disclosure from the defendant officers' personnel or

disciplinary files which would be a direct intrusion into their privacy, and which would not

necessarily lead to any information which may be relevant in this case.

The best analysis of this application of the right of privacy in a personnel file was

set forth in Januszewski, 182 Conn. at 170-73.  There, the Connecticut Supreme Court

addressed the issue of the right to privacy in a personnel file and recognized that even

in a criminal case where the right of the defendants to cross-examine adverse

witnesses enjoyed explicit constitutional protection.  Id.  The right of the plaintiff to

discover the contents of a police officer's personnel file must be balanced against the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

officer's interest in preserving the confidentiality of his private and personal information.

Id.  The Connecticut Supreme Court stated that:

> The disclosure of such information must be carefully tailored
> to a legitimate and demonstrated need for such information
> in any given case where disclosure of a personnel file would
> place in the hands of the defendant irrelevant or personal
> and sensitive information concerning the witnesses, the
> entire file should not be disclosed.  No criminal defendant
> has the right to conduct a general fishing expedition into the
> personnel records of a police officer.  Any request for
> information that does not directly relate to legitimate issues
> that may arise in the course of the criminal prosecution
> ought to be denied.

Id. at 172.  In so stating, the Connecticut Supreme Court also emphasized the strong

public policy reasons for maintaining the confidentiality of personnel files.  Id.  The court

made it clear that:

> In resolving requests for disclosure, routine access to
> personnel files is not to be had.  Requests for information
> should be specific and should set forth the issue in the case
> to which the personnel information sought will relate.  The
> trial court should make available to the defendant only
> information that it concludes is clearly material and relevant
> to the issue involved.

Id. at 173. (internal citations omitted)

The plaintiff claims that the defendant officers' personnel and disciplinary files are

highly relevant to the issues detailed in the Complaint and are critical to his discovery.

The plaintiff has set forth a broad-based request for the production of all of the

defendant officers' entire personnel files, and this request can be characterized as

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

nothing more than a fishing expedition that will be used as a springboard to embarrass and harass the defendant officers.  The plaintiff's filing of an action does not give him blanket ability to obtain lengthy service records of defendant officers. It is the defendants' position that the Court should preserve the privacy of the defendant officers, in that this privacy substantially outweighs the plaintiff's overly broad requests.

Moreover, the plaintiff's request for information regarding disciplinary records, complaints and sanctions is also a fishing expedition, as the plaintiff has failed to identify tangible portions of such files which may be relevant to the allegations in the Complaint.  The defendant officers' expectation of privacy in becoming a police officer, and society's concern with preserving that privacy, substantially outweighs the plaintiff's broad-blanket request for information.  In addition, the plaintiff has already been provided with the complete Internal Affairs Investigation Report pertaining to the incident described in the Complaint.   As such, the records requested by the plaintiff should not be released, and the plaintiff's Motion to Compel should be denied.

**B.**    **The Plaintiff's Request for Information Regarding All Encounters Between the Hartford Police Department/Defendant Officers and the Plaintiff Within Ten Years Prior to the Date of the Incident is Overly Broad and Not Relevant to the Present Action**

The undersigned defendants allege that requests served by the plaintiff regarding his encounters with the officer defendants for the ten years prior to the incident alleged in the Complaint are overly broad on their face, overly burdensome, oppressive,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

unreasonable, outside the scope of discovery and not reasonably calculated to lead to admissible evidence.  First, it is the defendants' contention that the documents requested are overly burdensome, oppressive and unreasonable.  Requesting the City and the defendant officers to identify "all encounters" between the department/ defendant officers and the plaintiff for ten years prior to May 18, 2001, as well as specific details regarding each encounter, is unreasonable as to the length of time. The scope of the request is also unreasonable and presents an undue burden as it relates to the time, effort and manpower that would be necessary to respond to such an unreasonable request. These requests require that the defendants wade through ten years' worth of documentation of communications, investigations and/or arrests in order to respond.  Moreover, incidences which occurred ten years prior to the incident alleged in the Complaint can hardly be deemed relevant to the present pending action.  Also, the plaintiff has a better ability to obtain records from past arrests by members of the Hartford Police Department.  As such, the plaintiff's Motion to Compel documentation of all encounters between the department/officers and the plaintiff should be denied.

**C.**    **In the Alternative, the Court Should Order an In-Camera Review of the Defendant Officers' Records**

If the Court should rule that some or all of the plaintiff's requests are granted, the Court should also order an in-camera review of such records to ensure the defendant officers' confidentiality.  See Januszewski, 182 Conn. at 172.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> Because discovery of matters contained in a police officer's personnel file involves careful discrimination between material that relates to the issues involved and that which is irrelevant to those issues, the judicial authority should exercise its discretion in determining what matters shall be disclosed.  An in-camera inspection of the documents involved, therefore, will under most circumstances be necessary.

Id. (internal citations omitted).  While the defendants are objecting to all of the information contained in the plaintiff's requests being released to the plaintiff, at least an in-camera review should ensure that the defendant officers' confidentiality is minimally breached.  As such, the defendants respectfully request that if the Court grants the plaintiff's Motion to Compel, in whole or in part , that the Court also conduct an in-camera review to determine exactly what records are relevant to the pending action and should be disclosed.  This in-camera review would hopefully at least ensure that only relevant documents which are clearly material to the issues of the case are released to the plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANTS,
CITY OF HARTFORD;
ALFRED HENDERSON;
CHRISTOPHER LYONS;
ANTHONY BATTISTONE;
and ALFRED FERNINO;


By _____
    Eric P. Daigle
    Fed. Bar No. ct 23486
    HALLORAN & SAGE LLP
    One Goodwin Square
    Hartford, CT  06103
    Tele: (860) 522-6103
    daigle@halloran-sage.com

## **CERTIFICATION**

This is to certify that on this 23rd day of September, 2005, I hereby mailed a copy of the foregoing to:

David A. Slossberg, Esq.
Brian Wheelin, Esq.
Hurwitz, Sagarin & Slossberg, LLC.
147 N. Broad Street
P.O. Box 112
Milford, CT 06460-0112


_____
    Eric P. Daigle

733092_1.DOC

733092-1(HSFP)

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105