UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWAYNE BASEY : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-01-cv-1576 (JCH) |
| : | |
| CITY OF HARTFORD, ET AL : | OCTOBER 18, 2005 |
|     Defendants : | |

**RULING RE: MOTION TO COMPEL [DKT. 101]**

Plaintiff has moved to compel the defendants to comply with certain discovery requests which were served more than six months ago. After receiving several unopposed extensions of time to respond to the discovery requests, the defendants interposed objections.

With respect to the plaintiff's Motion to Compel, the court grants it in part as follows. First, with respect to the request for the personnel files of defendants Henderson, Battistone, Lyons and Fernino, the court orders that defendant Hartford deliver to the chambers of the undersigned the personnel files sought. If the personnel files do not contain all complaints filed against those officers, as well as action taken on those complaints, then the court further orders that such complaints filed against the officer defendants shall also be produced in camera to the court for its *ex parte* review. The court will determine whether the information provided and reviewed by the court is appropriate for discovery in this case.

The court orders defendant Lyons to answer the interrogatory which is set forth on page 5 of plaintiff's Memorandum in Support of its Motion to Compel with respect to identifying any reprimands or sanctions that Lyons has received for use of excessive force or failure to timely provide medical assistance.

With respect to the interrogatories and document requests that were served concerning "encounters" between the Hartford Police Department and the plaintiff, or the officer defendants and the plaintiff, the court denies the Motion to Compel, except as follows. To the extent that the defendant Hartford maintains a database, in which database the plaintiff's name appears, the information contained in that database should be produced to the plaintiff. Further, the document request appearing at page 6 directed to defendant Hartford concerning documents which refer or relate to the plaintiff's request, must be complied with by defendant Hartford. In all other respects, this aspect of the Motion to Compel is denied, without prejudice to the plaintiff modifying his request. If the plaintiff identifies either in an interrogatory, request for production or both, one or more time periods in which he believes he had an encounter with members of the Hartford Police Department, and then requests documents or information concerning such an encounter, the court orders the defendant Hartford to comply with those discovery requests. While the court is sympathetic to defendant Hartford's objection that it is burdensome to search for ten years for any possible encounter with the plaintiff, the court does not find it burdensome if the plaintiff can, with some particularity (e.g., by month, or an "on or about" date), narrow such request.

Defendant Hartford is to deliver the personnel files ordered above to the Chambers of the undersigned no later than **October 25, 2005**, and a defendant, to the extent the Motion to Compel was granted as to him or it, is ordered to comply with this Order in any other respect by **October 31, 2005**. If the plaintiff wishes to modify his discovery request with regard to "encounters," he should do so by **October 25, 2005**.

Responses to those modified discovery requests will be due by **November 15, 2005**.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 18th day of October, 2005.


                    /s/ Janet C. Hall
                    Janet C. Hall
                    United States District Judge