UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWAYNE BASEY : | |
|     Plaintiff : | CIVIL ACTION NO. |
| : | 3-01-cv-1576 (JCH) |
| v. : | |
| : | |
| CITY OF HARTFORD, ET AL : | NOVEMBER 1, 2005 |
|     Defendants | |

**RULING**

In response to this court's Ruling re: Motion to Compel [Dkt. No. 101], the defendant, City of Hartford ("City"), submitted various documents to this court for in camera, *ex parte*, review. The court has completed that review. It orders defendant City to produce a copy of the packet of materials provided to the court concerning Alfred Fernino, Jr., violation 5.12. Enclosed in that packet is a letter dated January 18, 1985 to Fernino from Chief Sullivan; January 16, 1985 and January 18, 1985 memos; a January 14, 1085 letter of notification to Fernino from Chief Sullivan; a January 11, 1985 letter to Fernino from Chief Sullivan; a November 29, 1984 Inter-departmental Memorandum to Chief Sullivan from Deputy Chief Hankard re: Investigative Review Board Meeting of November 29, 1984; the investigative report on the IAD case no. 84-118 (October 15, 1984 - 6 pages); January 3, 1985 memo from Hankard to Sullivan; an investigative report (18 pages); a memo of January 18, 1985 from Lt. Croughal to Deputy Chief Hankard; a letter from Dr. Norris to Chief Sullivan of January 29, 1985. In addition, in a second packet concerning a discipline profile of Alfred Henderson, Jr., there is contained a discipline profile for violation 5.08 occurring on 5/14/2002; a memo dated February 10, 2003 from Captain Buyak to Chief Marquee; a letter dated February 6, 2003 from Chief Marquee to Henderson. The court orders the City to produce those

documents.

In the cover letter accompanying the various personnel records produced in camera by the defendant City, counsel for the City requested clarification of the court's Order regarding complaints filed against the defendant officers, "more specifically regarding the Internal Affairs Division of the Hartford Police Department." The court orders that a search be done as to the Internal Affairs Division records as to the defendants, but such search is limited to a period of four years prior to the incident that is the subject of the complaint in this case. Based on a review of the documents provided to date, the court can advise counsel that IAD No. 81-3 concerning Fernino is not required to be produced. If the review of the Internal Affairs Division records for the time period described for the defendants discloses documents concerning complaints and/or discipline against any defendant officer for use of excessive force, those documents should be produced to the court for in camera review.

With respect to the documents described above in the first paragraph, defendant City is ordered to provide a copy of these documents to plaintiff's counsel within ten days of this Order. These documents are produced to plaintiff's counsel pursuant to a protective order. These documents may be used by plaintiff and plaintiff's counsel solely in connection with the prosecution of the plaintiff's claims in this case. They may not be published or disclosed to other persons, except in connection with the prosecution of the plaintiff's claims in this case. Upon completion of this litigation, the copies produced to plaintiff's counsel, along with any other copies made, are to be returned to defense counsel. Plaintiff's counsel is not to provide the plaintiff with copies of these documents, but may show them to him in connection with the preparation of

the case. If defense counsel requests a broader protective order, he should make a motion within the next seven days, after conferring with plaintiff's counsel.

Counsel for City is ordered to retrieve the documents viewed by the court from chambers and to preserve them until final judgment enters in this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 1st day of November, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge