UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWAYNE BASEY,<br>          Plaintiff, | :<br>: CIVIL ACTION NO.<br>: 3:01CV1576(JCH)<br>: |
| vs. | : |
| CITY OF HARTFORD, ALFRED<br>HENDERSON, CHRISTOPHER LYONS,<br>ANTHONY BATTISTONE, ALFRED<br>FERNINO, and JANE DOE,<br>          Defendants. | :<br>:<br>:<br>:<br>: December 7, 2005 |

**APPLICATION FOR THE AWARDING OF COSTS FOR SERVICES RENDERED**

Pursuant to Local Federal Rule of Civil Procedure 83.10(g)(3), Plaintiff's counsel hereby requests that this Court award it expenses associated with this action. In engaging in diligent representation of Plaintiff, counsel has incurred necessary expenses in conducting depositions, researching and investigating the Plaintiff's claims and obtaining Plaintiff's medical records. The parties are currently in the process of settling this matter and expect to enter into a stipulated dismissal shortly. Plaintiff respectfully requests that this Court award the law firm of Hurwitz, Sagarin & Slossberg its costs associated with this action in the amount of $4,070.78. The grounds for this application are as follows:

1. On August 20, 2001, Plaintiff filed a *pro se* action under 42 U.S.C. § 1983.

1. On or about September 3, 2005, this Court appointed the law firm of Hurwitz, Sagarin & Slossberg to represent Plaintiff in this action.

2. Plaintiff agreed to the representation with the understanding that he would not be charged any attorney's fees or costs associated with the litigation.

3. Plaintiff's counsel has incurred various costs totaling $4,070.78 associated with this litigation. These costs include the hiring of an investigator in an attempt to locate one of the Defendants, the conducting of four depositions and obtaining the necessary medical records of Plaintiff at a cost of twenty-five cents per page. An itemized list of the expenses is attached as Exhibit A via the Affidavit of Brian J. Wheelin.

4. The parties have recently agreed to settle this matter.

5. The Court has the authority to reimburse attorney's fees, costs and expenses to an appointed attorney for services rendered as authorized by relevant law and as the Judge deems just and proper. Local Rule of Civil Procedure Rule 83.10(g)(3).

6. 42 U.S.C. § 1988(b) permits the court to award attorney's fees in § 1983 actions. Out of pocket expenses ordinarily charged to their clients are included in an award of attorney's fees under § 1988. <u>Tsombanidis v. City of West Haven</u>, Connecticut, 208 F.Supp.2d. 263 (D.Conn. 2002).

7. This application is not seeking an award of attorney's fees even though Plaintiff's counsel has spent considerable time litigating this case. Plaintiff's counsel merely seeks a reimbursement of the out of pocket expenses it has incurred which cannot be recouped from Plaintiff.

WHEREFORE, Plaintiff's counsel respectfully requests that this Court grant its application and reimburse the costs incurred associated with this action in the amount of $4,070.78.

THE PLAINTIFF
DWAYNE BASEY


BY: _____
David A. Slossberg CT13116
Brian J. Wheelin CT26823
Hurwitz, Sagarin & Slossberg, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT  06460-0112
Tel:  (203) 877-8000
Fax:  (203) 878-9800

## Certificate of Service

      This is to certify that a copy of the foregoing was served by regular mail, first class postage prepaid on this 7th day of December, 2005, to:

Eric P. Daigle, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

 

_____
Brian J. Wheelin